UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JANE DICKSON,

                  Plaintiff,

v.

ADAMS OUTDOOR
ADVERTISING LIMITED
PARTNERSHIP OF MINNESOTA,

                  Defendant.
_____/

Case No. 2:17-cv-12533
Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 31)

Plaintiff's first amended complaint is based on her employment by Adams Outdoor Advertising (AOA), apparently within its Ann Arbor Office. (DE 22 ¶¶ 6, 11, 24, 34, 38.) In addition, Plaintiff's complaint mentions "[a]nother opportunity in Indianapolis as an Interim General Manager . . . ." (DE 22 ¶ 25.) She pleads four causes of action: (I) Title VII Gender Discrimination; (II) Title VII Retaliation; (III) ELCRA Gender Discrimination; and, (IV) ELCRA Retaliation. (DE 22 ¶¶ 42-61.)

As the operative pleading, the first amended complaint defines the scope of this case. Although it contains a "catch-all" phrase − "Other acts of" discrimination or retaliation "to be determined through discovery[,]" (DE 22 ¶¶

45(h), 51(e), 56(h), 60(e)) – at the end of each of its gender discrimination and retaliation causes of action, the Court notes that Plaintiff has not pleaded a claim under the Equal Pay Act, nor has she amended her first amended complaint to add such a claim. The "catch-all" language does not serve to put Defendant on notice of claims not included within the complaint, nor does it serve to expand the scope of discovery beyond what is discernable from the complaint or what is proportional to the needs of the case as actually pleaded. Such catch-all phrases cannot serve to create limitless boundaries to the scope of discovery.

Currently before the Court is Plaintiff's December 4, 2018 motion to compel, which concerns Defendant's responses to Interrogatory No. 2. (DE 31.) Defendant has filed a response (DE 34), the parties have filed a joint list of unresolved issues (DE 37), and Defendant has filed a revised appendix of exhibits to its response brief (DE 38), which includes the January 10, 2019 supplemental affidavit of Richard J. Zecchino, Jr. (DE 38-1). Although some of the discovery at issue in the instant motion seemingly relates to the business records of Fairway Outdoor Advertising (FOA), an entity in which AOA has or had some level of managerial responsibility, FOA is not a party to this litigation, nor is it mentioned within the first amended complaint.

Judge Michelson referred this motion to me for hearing and determination, and a hearing was held on January 15, 2019, at which attorneys Darcie R. Brault

and Pamela C. Dausman appeared. Following oral argument, the Court issued its ruling from the bench.

For the reasons stated on the record, all of which are incorporated herein by reference, Defendant's motion to compel (DE 31) is **GRANTED IN PART** and **DENIED IN PART**. No later than **January 25, 2019**, Defendant shall supplement its answer to Interrogatory No. 2 − which included information regarding the General Manager, General Sales Manager and Sales Manager positions for AOA in Michigan or for FOA in Indiana (DE 34 at 23) − to clarify whether the compensation information already provided (including information as to salary/base pay, variable pay (*i.e.*, commissions), and phantom stock) was "paid" or "promised." Moreover, the supplementation to be provided must include information regarding severance and the value of benefits (*i.e.*, healthcare, paid time off, etc.), to the extent not previously provided. The information provided for clarification and supplementation must be "broken into components of compensation." (DE 31-10 at 5.) However, Defendant's objections to Interrogatory No. 2 are not boilerplate; rather, they are tailored to the question asked. Moreover, while Defendant's "unduly burdensome" objection is **OVERRULED** as not well supported, Defendant's "overly broad" and "not proportional" objections are **SUSTAINED**, namely because they are: **(1)** consistent with the scope of Plaintiff's first amended complaint, which does not

include claims such as those based upon the Equal Pay Act; **(2)** supported by the Zecchino affidavits, which, *inter alia*, explain the history between FOA, GTCR, and AOA (DE 34-4, DE 38-1); and, **(3)** Plaintiff has not shown that she was similarly situated to those outside of the Michigan and Indiana markets and/or those employed by FOA. Accordingly, Defendant need not supplement its answer with information regarding markets other than Michigan and Indiana.

Dated: January 18, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 18, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti